**Shirley GAINES et al., Plaintiffs-Appellants,**

v.

**DOUGHERTY COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.**

**No. 71-2818.**

United States Court of Appeals, Fifth Circuit.

Aug. 14, 1972.

---

364

C. B. King, Albany, Ga., Jack Greenberg, Charles Stephen Ralston, New York City, Norman Chachkin, New York City, Elliott Holden, Albany, Ga., for plaintiffs-appellants.

J. W. Walters, County Atty., Perry, Walters, Langstaff, Lippitt & Campbell, Albany, Ga., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

We again consider another appeal in the desegregation case involving the Dougherty County School System. Most recently, we remanded this case (442 F. 2d 1344) on June 7, 1971 for reconsideration in light of Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). A new plan was submitted by the Board, approved by the Court, but plaintiffs believed that the plan was substantially identical to that rejected by our June 7 order and accordingly appealed.

On August 25, 1971, we considered that appeal and again remanded the case with direction that the District Court issue a rule nisi to defendants as to why

the student assignment plan prepared by the Department of Health, Education and Welfare should not be made the Board's plan for the school term. (See 446 F.2d 907.) The District Court complied with our order, held a hearing and with certain modifications directed the Board to implement the HEW plan for the school term. Plaintiffs being dissatisfied again appealed and that appeal is now before us for decision.

Appellants complain that the HEW plan is only a modification of the rejected Board plan, that it relies on contiguous zones which still leave the system with "severe imbalances." Apparently the Flint River divides Dougherty County into eastern and western halves and students are not transported across the river though, of course, that is possible and appellants assert is entirely feasible. It is also contended that the HEW plan does not take into account pairing of noncontiguous zones and busing, and that greater integration can be accomplished than now exists. We are furnished with the enrollment by school and race for pupils in each of the schools of the system and they show a number of one-race or predominantly one-race schools.

Though we believe that the District Judge faithfully complied with our last decree, nonetheless the HEW plan in actual practice has not effectively desegregated a substantial number of schools in the system. Although "[i]n some circumstances certain schools may remain all or largely of one race," and "the existence of some small number of one-race, or virtually one-race, schools within a district is not in and of itself the mark of a system that still practices segregation by law," the school authority has "the burden of showing that such school assignments are generally nondiscriminatory" where a plan contemplates the continued existence of some schools that are all or predominantly of one race. "The court should scrutinize such schools, and the burden upon the school authorities will be to satisfy the court that their racial composition is not the

result of present or past discriminatory action on their part." The quoted portions above are from *Swann,* supra, 402 U.S. at 26, 91 S.Ct. at 1281.

Thus this case must be remanded for a hearing and submission of a new plan since we are not furnished with a satisfactory basis for the continued existence of the large number of one-race and predominantly one-race schools in the system. The District Court's action thereon must be supported by specific findings of fact and conclusions of law.

Let the mandate issue forthwith.

Reversed and remanded.