**Laurita ANDERSON et al., Plaintiffs,**

**Shirley Gaines et al., Plaintiffs-Appellants,**

v.

**DOUGHERTY COUNTY BOARD OF EDUCATION, a public body corporate et al., Defendants-Appellees.**

**Nos. 79–2327, 79–2666.**

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1980.

Charles Stephen Ralston, New York City, Herbert E. Phipps, Chevene B. King, Albany, Ga., for plaintiffs-appellants.

Jesse W. Walters, County Atty., Albany, Ga., Stephen J. Pollak, Richard M. Sharp, Washington, D. C., Theodore G. Frankel, Atlanta, Ga., for defendants-appellees.

Before TUTTLE, VANCE and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge.

This is the most recent in a series of related actions beginning in 1963 seeking desegregation of the Dougherty County public schools. Since September 3, 1971, the schools have been operating under a modified HEW plan.[1] In *Gaines v. Dougherty County Board of Education*, 465 F.2d 363 (5th Cir. 1972), we found that this modified HEW plan did not comply with the Supreme Court's mandate in *Swann v. Charlotte-Mecklenburg Board of Education*,[2] 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). We remanded the case to the district court for a hearing and the adoption of a new plan in compliance with *Swann*.

In September 1972, immediately following the remand to the district court, appellants filed a Motion for Further Relief seeking an order requiring the submission of a new plan that would comport with the mandate of this court. No action was taken on this motion and the school system continued to operate under the same plan which this court had found inadequate. On December

---

1. District Court Judge J. Robert Elliott made some minor modifications to the HEW plan.

2. In *Swann* an initial desegregation plan had been entered in 1965 and had been affirmed on appeal. The case was reopened, and in 1969 the school board was required to come forth with a more effective plan. The Court ruled that the school board had a continuing obligation, which had not been satisfied, " 'to come forward with a plan that promises realistically to work *now* * * * until it is clear that state-imposed segregation has been completely removed.' " *Swann, supra* at 13, 91 S.Ct. at 1275, quoting *Green v. County School Board,* 391 U.S. 430, 439, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968).

The Court in *Swann* stated that *Brown v. Board of Education (II)*, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955) and *Green v. County School Board*, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968) imposed an affirmative duty to desegregate. "If school authorities fail in their affirmative obligations under these holdings, judicial authority may be invoked. . . In default by the school authorities of their obligation to proffer acceptable remedies, a district court has broad power to fashion a remedy that will assure a unitary school system." 402 U.S. at 15–16, 91 S.Ct. 1267, 1276, 28 L.Ed.2d 554.

6, 1976, appellants filed another Motion for Further Relief, again asking that the desegregation plan be brought into compliance with *Swann*.

A proposed plan for the creation of a unitary school system was filed with the district court by appellants in January, 1978. The plan [3] would integrate all schools based on an allowed 25% deviation from the 50%–50% white-black student ratio throughout the system. Thus, schools could range from 75% white to 75% black.

On May 25, 1978, the district court appointed three experts to make recommendations to the court as to a desegregation plan. However, no overall plan for desegregation of the entire system was adopted. Rather, on April 3, 1979, the court issued an order setting out proposed attendance zones for the four high schools in the system which would result in the full integration of those schools. Implementation of the high school plan was delayed by a May 18, 1979 order of the district court, [4] pending attempts by the parties to settle the lawsuit.

Following a hearing, the district court reinstated its prior order entering a new plan for the desegregation of *high schools only*. At the hearing appellants renewed their motion that their plan for the desegregation of the elementary and junior high schools also be entered. The court declined to so order and appellants appeal the denial of that order.

The sole issue on appeal is whether the district court erred in failing to require the implementation of an elementary and junior high desegregation plan for the Dougherty County school district in accordance with this court's mandate in *Gaines*.

The Dougherty County Board of Education claims this mandate has been complied with and that the school system of Dougherty County is fully integrated. It contends that the staff of each school, the administrative staff of the school system, the transportation system and extracurricular activities are all integrated and that school facilities are comparable.

The unchallenged statistics presented by the appellants and set forth in the attached Appendix clearly show that the school system is not integrated. As the appellants point out:

> [I]n a system with an overall pupil ratio of approximately 50% white and 50% Black, only one of seven junior highs and 2 of 22 elementary schools are close to that ratio. One junior high and 2 elementary schools are 100% Black. One other junior high school is between 80% to 90% Black. Of the elementary schools, three are more than 90% Black, three are between 80%–90% Black, four are more than 90% white, and three are between 80%–90% white. In other words, 2 of 7 junior highs and 17 of 22 elementary schools are grossly disproportionately of one race. (Appellants' Brief pp. 7–8).

To date, despite appellants' repeated efforts, this court's 1972 mandate requiring the submission of a school desegregation plan has not been complied with as relates to the junior high and elementary schools in Dougherty County. No new plan has been ordered and the district court has not explained its failure to so order except to refer to opposition to desegregation in the community, a reason held to be invalid in *Cooper v. Aaron*, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958).

Certainly important strides have been made in integrating the high schools and teaching and administrative staffs of this school system. Nevertheless, integration as mandated by the 1972 decision of this court means integration of the total school system, not some of its component parts.

We reverse and order the district court to adopt a plan for the desegregation of the elementary and junior high schools in the Dougherty County School System within sixty days from the entry of this order. Under the plan adopted, no school shall

---

3. An addendum to this plan was filed on April 6, 1978.

4. The reason for the delay was the supposed negative reactions of parents and students to the proposal to integrate the high schools.

deviate by more than 25% from the 50%–50% white-black student ratio throughout the system.[5] The district court immediately shall enter an order allowing both appellants and appellees thirty days within which to submit a new or revised plan which comports with the above standards. The district court is further directed to have a hearing on the plans and to adopt either plan submitted or its own plan within sixty days of the entry of this order.

The Dougherty County School Board uses a trimester system, the first beginning in August, the second the end of November and the third in mid-March. We order the school board to put the adopted desegregation plan into effect in all of the junior high and elementary schools as soon as possible but no later than August of 1980—the beginning of the 1980 school term. This court retains jurisdiction of this case and orders that the plan when decreed by the district court be filed as part of the proceedings in this case.

REVERSED WITH ORDERS.

## APPENDIX
### White and Black Enrollment at Junior High and Elementary Schools in 1971 and 1979

| School | 1971 | | | 1979 | | |
|---|---|---|---|---|---|---|
| | White | Black | % Black | White | Black | % Black |
| Albany Jr. High | 625 | 143 | 19 | 538 | 257 | 33 |
| Carver Jr. High | 9 | 535 | 98 | * | * | * |
| M. L. King, Jr. Dr. Jr. High | ** | ** | ** | 0 | 474 | 100 |
| Dougherty Jr. High | 932 | 408 | 30 | 549 | 609 | 52 |
| McIntosh Jr. High | 323 | 82 | 20 | 284 | 121 | 30 |
| Merry Acres Jr. High | 616 | 81 | 12 | 429 | 293 | 41 |
| Radium Springs Jr. High | 674 | 97 | 13 | 638 | 249 | 28 |
| River Road Jr. High | 0 | 480 | 100 | ** | ** | ** |
| Southside Jr. High | 114 | 620 | 84 | 75 | 544 | 88 |
| Broad Ave. Elem. | 14 | 195 | 93 | * | * | * |
| Coachman Park Elem. | 28 | 668 | 96 | 21 | 510 | 96 |
| Dougherty County Spec. Ed. Center | + | + | + | 31 | 38 | 55 |
| Flintside Elem. | 0 | 730 | 100 | 0 | 1036 | 100 |
| Hazard Laboratory Elem. | 15 | 148 | 91 | * | * | * |
| Highland Elem. | 140 | 233 | 62 | 44 | 322 | 88 |
| Isabella Elem. | 296 | 112 | 27 | 97 | 251 | 72 |
| Jackson Heights Elem. | 342 | 348 | 50 | 58 | 351 | 86 |
| Lake Park Elem. | 437 | 36 | 8 | 614 | 24 | 4 |
| Lincoln Heights Elem. | 91 | 685 | 88 | 54 | 737 | 93 |
| M. L. King, Jr. Dr. Elem. | ** | ** | ** | 7 | 607 | 99 |
| Madison Street Elem. | 0 | 441 | 100 | 0 | 189 | 100 |
| Magnolia Elem. | 444 | 53 | 11 | 397 | 103 | 21 |
| Mamie Brosnan Elem. | 248 | 231 | 53 | 152 | 304 | 67 |
| Mock Road Elem. | 521 | 37 | 7 | 450 | 85 | 16 |
| Morningside Elem. | 616 | 2 | 0.3 | 481 | 128 | 21 |
| Mulberry | 5 | 21 | 81 | * | * | * |
| Northside Elem. | 527 | 7 | 1 | 379 | 26 | 6 |
| Palmyra Elem. | 298 | 30 | 9 | 218 | 4 | 2 |
| Radium Springs Elem. | 487 | 82 | 14 | 571 | 101 | 15 |
| River Road Elem. | 0 | 717 | 100 | ** | ** | ** |
| Sherwood Elem. | 512 | 9 | 2 | 513 | 23 | 4 |
| Sylvandale Elem. | 352 | 305 | 46 | 97 | 389 | 80 |
| Sylvester Road Elem. | 521 | 38 | 7 | 437 | 83 | 84 |

5. We are not suggesting that the 25% deviation permitted here is applicable to all school systems. Rather, the 75%–25% ratio is based on the evidence presented, including the appellant's proposed plan.

**228**

| School | 1971 | | | 1979 | | |
|---|---|---|---|---|---|---|
| | White | Black | % Black | White | Black | % Black |
| Turner Elem. | 532 | 74 | 12 | 242 | 243 | 50 |
| West Town Elem. | 556 | 105 | 16 | 222 | 337 | 60 |

Sources: Reports to the Court dated 10/1/71 and 5/1/79. Percentages computed by this court based upon unchallenged figures in appellant's brief.

\*     Eliminated
\*\*    River Road changed name to M. L. King, Jr.
\+     New facility